Rudy E. ALDRICH, William L. Anderson, Jr., Jacque M. Borel, George E. Boswell, Michael C. Bourgeois, Vina L. Cantu, Don E. Cutler, Chris Doyle, James F. Harvey, Thomas Alva Hanna, Jr., Keith D. Hatfield, Gary Moore Huddleston, Jerel Kerby, Eddie R. Klein, Stephany Klein, Dan D. LaMont, Robert McCahey, Al McGinnis, E. W. Metzger, William Morris, Joe Narviz, Ricardo O. Newton, Charles L. Piazza, Jr., Jerry L. Price, James Pringle, Jerry D. Pyle, Ricky D. Ray, Tom R. Shelton, Michael B. Smith, William L. Waldrum, Randy C. Wright, Suen Y. Yum, Royce Sawyer, Marvin Landers, and David E. Hall

v.

**SKILLERN & SONS, INC.**

Civ. A. No. 3–80–0574–C.

United States District Court,
N. D. Texas,
Dallas Division.

July 29, 1980.

Marvin Menaker, Dallas, Tex., Ira M. Lechner, Washington, D. C., for plaintiffs.

William L. Keller, Allen Butler and Richard Leland Brooks, Clark, West, Keller, Butler & Ellis, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiffs Pringle, Bourgeois, LaMont, McGinnis, Borel, Doyle, Piazza, Anderson and Kerby are asking for a mandatory injunction reinstating them to their former positions as pharmacists in the employ of Defendant.[1] Their authority for this request is found in 29 U.S.C. § 215(a)(3), which provides in part:

. . . It shall be unlawful for any person (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

and 29 U.S.C. § 216(b), which provides:

Any employer who violates the provisions of Section 15(a)(3) of this Act shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3), including without limitation, employment, reinstatement, promotion and the payment of wages lost, and an additional equal amount as liquidated damages.

Upon final hearing, these Plaintiffs are asking that they be permanently reinstated and all Plaintiffs are asking that Defendant be found to have violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by not paying them time and one half for overtime·work performed by Plaintiffs.

In *Canal Authority of the State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974), the Fifth Circuit set out the prerequisites to the granting of a preliminary injunction. They are:

"The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."

The Court is of the opinion that Plaintiffs have failed to carry their burden as to the first two prerequisites.

---

1. There are several other Plaintiffs who are still in the employ of Defendant and therefore only asking for relief upon a final hearing in this civil action.

Plaintiffs are all members of United Food & Commercial Workers International Union, UFCW Pharmacist Union of Texas, Local No. 14 which was formed in the latter part of 1979 and the early part of 1980. Local 14 has sought voluntary recognition by Defendant, which has been denied, and has sought certification by the National Labor Relations Board (NLRB) as the representative of Defendant's Pharmacists in the Dallas-Fort Worth area. This petition was denied on several levels by the NLRB and was ultimately withdrawn by Local 14 in order to avert an unfavorable outcome.

Local 14 voted on April 20, 1980, to authorize a strike against Defendant. Subsequently, on April 29, 1980, Defendant terminated several members of Local 14, including Plaintiffs Pringle, LaMont, Bourgeois, Borel and McGinnis.

As a result of these terminations, some members of Local 14 went out on strike on May 5, 1980, and were thereafter terminated.

After the strike was over, those Pharmacists who were terminated were offered an interview with Defendant's upper management as to the possibility of reinstatement. Those interested were reinstated by Defendant after upper management had interviewed them and had concluded that they could work with upper management. Plaintiffs Doyle, Piazza, Anderson and Kerby were fired for striking and were not subsequently reinstated.

■ Defendant says that all of these terminations were due to the union organizing activities and not because of any claim by Plaintiffs for overtime compensation. The Court, based on the present record, agrees and concludes that there is not a substantial likelihood that Plaintiffs will succeed on their claim that they were fired for pressing their overtime claim.

To begin with, those Pharmacists terminated on April 29 were all officers and members of the executive board of Local 14 who were terminated only after the strike authorization vote. The second group were precisely those who went out on strike on May 5.

Second, only a small part of the Plaintiffs were terminated and not reinstated by Defendant.[2]

Third, it has not been shown that all those requesting reinstatement have a real controversy with Defendant as to pay for overtime hours. Indeed, Plaintiff Pringle, who is the President of Local 14, shuns overtime hours.

Fourth, there has been no showing made that the upper management of Defendant who were responsible for the terminations had any knowledge that any such proceeding as this one was going to be instituted. Apparently, that they are not paid time and one-half for hours in excess of forty hours per week has been a sore point with Pharmacists in general, not just Defendant's employees, for years. But no evidence of anything more than this general complaint has been presented and Defendant's President testified that he had no knowledge of any such intent on the part of Plaintiffs to institute these proceedings when Plaintiffs were terminated.

These four items tend to show that Plaintiffs were terminated for the union activities and do not tend to show terminations for retaliation for complaining about Fair Labor Standards Act violations.

■ Beyond this, Plaintiffs have not shown that they will be irreparably harmed if the preliminary injunction is denied. Plaintiffs have not shown any special harm beyond a loss of income during the pendency of this civil action. *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), makes it clear that this is not the irreparable injury for which an injunction will lie.

Plaintiffs have cited *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979), for the proposition that damages may be an inade-

---

**2.** This takes into account the representation of Plaintiffs' counsel that he holds authorizations by a substantial number more of Defendant's Pharmacist-employees to add them in as Plaintiffs.

quate remedy as compared to reinstatement. But that case and the underlying thinking are distinguishable from the present situation. The question in *Loeb* was reinstatement or damages in lieu of reinstatement upon entry of final judgment. In an instance such as that, in order to give damages in lieu of reinstatement, a Court would have to try to predict what the subsequent work history of the plaintiff would have been with the defendant if the plaintiff had not been terminated.

In the present situation, no such predictions must be made. Upon final hearing, the Court will, if Plaintiffs carry their burden, be looking backwards at a finite, assumably reasonably short period of time for which to render damages. No great amount of speculation will have to be entered into.

For these reasons, Plaintiffs' Motion for Preliminary Injunction will be denied.